# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANDREW AND ZUELA MYERS** | : | **CIVIL ACTION NUMBER** |
| **VERSUS** | : | **04-2187** |
| **JOHN DOE, ET AL.** | : | **JUDGE MINALDI** |
| | | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

On July 2, 2004, Andrew and Zuela Myers, were driver and passenger, respectively, in a 2004 Chevrolet truck westbound on I-10 in Calcasieu Parish. (Petition, ¶¶ 2-5). They were injured when their truck was struck and penetrated by a pipe that had been put in motion when Desirae Strybos ran over it in her 2002 Chevrolet truck. *Id.*[1] Accordingly, on September 13, 2004, Andrew and Zuela Myers filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were: plaintiffs' uninsured/underinsured motorist carrier, Allstate Insurance Company; Desirae Strybos and her insurer, American National Insurance Co.; and John Doe, XYX Corporation, and ABC Insurance Company – the unknown parties (and their insurer) responsible for leaving the pipe on the interstate. (Petition).

On October 22, 2004, Strybos and American National Insurance Co. timely removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On May 2, 2005, fictitious defendants, John Doe, XYX Corporation, and ABC Insurance Company, were dismissed without prejudice due to plaintiffs' failure to advance their case against them. (*See*,

---

[1] The pipe had earlier fallen from an unknown vehicle and was lying in the outside lane of the interstate at the time Strybos struck it. *Id.*

May 2, 2005, Judgment). On May 13, 2005, defendant, Allstate Insurance Co., was dismissed upon plaintiffs' motion. (*See*, May 13, 2005, Order).

On June 23, 2005, plaintiffs filed a motion for leave to file a First Supplemental and Amended Petition for Damages. [doc. #25]. The motion seeks to add non-diverse defendant, Calcasieu Parish Police Jury, Waterworks District No. Nine of Ward Four ("Calcasieu Parish"), whose joinder would destroy diversity jurisdiction. Removing defendants oppose the proposed amendment. On July 19, 2005, the parties were allotted 15 calendar days to submit competent summary judgment evidence addressing whether plaintiffs had any possibility of recovery against the putative defendant. Following extension of the deadline and two hurricanes, the matter is now before the court.[2]

Discussion

Our inquiry begins with 28 U.S.C. § 1447(e). It provides,

> [i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e)

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its discretion in deciding whether to allow that party to be added. . . ." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[3] In exercising its discretion,

---

[2] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

[3] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, some courts have suggested that § 1447(e) was a codification of *Hengens*. *See, Henniger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862, n. 4 (S.D. Fla. 1989); *Chism v. Burlington Northern Railroad Co.*, 1996 Westlaw 408907 (N.D. Miss. 1996).

the district court is to consider the following factors,

> . . . the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

Nevertheless, leave to amend to join a party "against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction ," should never be granted. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 677 (5th Cir. 1999). The party opposing joinder has the opportunity to prevent joinder by arguing that plaintiff has no "colorable claim" against the putative defendant. *Id*.

In the proposed amended complaint, plaintiffs allege that Calcasieu Parish Police Jury, Waterworks District No. 9, Ward 4 was the owner and/or transporter of the pipe that struck the plaintiffs' car. (1st Suppl. & Amend. Petition for Damages, ¶¶ 5A, 15). Plaintiffs thus conclude, and allege that the Calcasieu Parish Police Jury, Waterworks District No. 9, Ward 4 is liable for their resulting damages. *Id*.

In response to the court's July 19, 2005, Minute Entry, removing defendants did not submit any evidence. Plaintiffs did. Plaintiffs' counsel submitted photographs of a "16" water distribution pipe" that he states (without supporting evidence) struck plaintiffs' vehicle. (*See*, September 2, 2005, Letter from Jeffery F. Speer). Statements by counsel, however, do not constitute evidence. *Skyline Corp. v. N.L.R.B.,* 613 F.2d 1328, 1337 (5th Cir. 1980). Accordingly, we attach no significance to the photographs.

Plaintiffs' counsel also submitted a utility permit that was issued to the Calcasieu Parish Police Jury, Waterworks District No. 9, Ward 4 for LEI Project No. 04-008 DI; the project

manual for LEI Project No. 04-008; and valve installation specifications from the Project Manual for LEI Project No. 04-008. (Pl. Exhs. 2-3A). Pretermitting plaintiffs' failure to authenticate the documents, we are not convinced that the documents by themselves are relevant to the instant inquiry. For instance, the project documents were apparently proffered to establish that the LEI Project No. 04-008 involved a "16" water distribution pipe." Yet, as discussed above, plaintiffs have not adduced competent summary judgment evidence to establish that the pipe that struck their car was a "16" water distribution pipe."

Were we considering a motion for summary judgment, plaintiffs would not have satisfied their burden of proof. However, in the context of the instant motion, the burden is on the non-movants to establish that plaintiffs have no "colorable claim" against the prospective diversity-destroying party. *Cobb, supra.* In the absence of any evidence submitted by defendants, and having found that plaintiffs' evidence is irrelevant and/or not properly supported, we are left solely with plaintiffs' allegations. Yet, the allegations suffice to state a claim against the prospective party. (*See*, 1st Suppl. & Amend. Petition for Damages, ¶¶ 5A, 15). Accordingly, defendants have not met their burden.

We turn now to the *Hengens* considerations. We harbor no doubts that plaintiffs would prefer to litigate this matter in state court. After all, the case was filed initially in state court. However, under the circumstances this court cannot say that the principal purpose is to destroy diversity jurisdiction. *See Jackson v. Wal-Mart Stores, Inc.*, 2003 WL 22533619 (E.D. La. 11/06/2003)(and cases cited therein). Indeed, in their answer, removing defendants argue that an unknown third-party allowed the pipe to fall on to the road, and that party is solely responsible

4

for plaintiffs' accident. (Answer, Fifth Defense).[4] Accordingly, we find that the principal purpose of plaintiffs' amendment is not to thwart federal jurisdiction, but to ensure recovery against all potentially responsible parties.

Defendants further contend that plaintiffs were dilatory in seeking to amend their complaint. However, there is no indication that plaintiffs were previously aware of this defendant. Moreover, this matter has not even been set for trial yet. The proposed amendment is not unreasonably tardy.

We further find that plaintiffs face potentially significant injury if their amendment is not allowed. Were we to decline the amendment, plaintiffs would be forced to file a separate suit in state court. Not only would dual litigation raise the threat of inconsistent judgments, it would lead to an unnecessary waste of judicial resources.[5]

There are no other dispositive equities. Accordingly,

IT IS RECOMMENDED that plaintiffs' motion for leave to file a First Supplemental and Amended Petition for Damages [doc. #25] be GRANTED.

IT IS FURTHER RECOMMENDED that the matter be remanded to the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.[6]

---

[4] We realize that removing defendants' primary concern is whether the party named in plaintiffs' amended complaint is actually the owner/transporter of the pipe. However, this issue was addressed above.

[5] Defendants argue that they will suffer prejudice if the case is remanded and it is later determined that the prospective defendant was not the owner/transporter of the pipe. However, any potential prejudice in this regard is ameliorated by the opportunity afforded defendants to establish that plaintiffs do not have a colorable claim against the prospective defendant. *See*, July 19, 2005, Minute Entry.

[6] The joinder of the non-diverse defendants destroys the court's subject matter jurisdiction. Once joinder of a diversity-destroying defendant is permitted, remand to state court

5

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of October, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

is not merely discretionary, it is mandatory.  28 U.S.C. § 1447(e).